SHAWN N. ANDERSON
United States Attorney
BELINDA ALCANTARA
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 19-00032 |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| CHAD AARON OGO GUMABON, | |
| Defendant. | |

The United States and Defendant, CHAD AARON OGO GUMABON, enter into the following plea agreement:

**Charge and Penalties**

1. Defendant agrees to waive indictment and to enter a guilty plea to an Information charging him with one count of access device fraud in violation of 18 U.S.C. § 1029(a)(2).

2. Defendant understands and acknowledges the following:

(a) A conviction for access device fraud in violation of 18 U.S.C. § 1029(a)(2) carries a maximum penalty of ten years imprisonment, a $ 250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release order could lead to an additional term of up to two years

imprisonment, pursuant to 18 U.S.C. § 3583(e)(3). Defendant agrees to pay the special assessment at or before sentencing.

(b) Pursuant to the Mandatory Victim Restitution Act, the Court must order that the Defendant pay restitution to any victim of the offense of conviction, pursuant to 18 U.S.C. § 3663A. Defendant agrees to make restitution in the amount of at least $6,073.24 to the victim in this case prior to sentencing, by making payment in the Court Treasury Registry until a judgment of conviction and restitution has been entered. Defendant understands that the United States may seek more restitution.

**Voluntariness & Waiver of Trial Rights**

3. Defendant affirms that he has read this plea agreement and fully understands it. Defendant acknowledges that he enters this plea agreement and his decision to plead guilty voluntarily, and not because of any force, threats, promises or inducements, apart from the promises and inducements set forth in this plea agreement. He agrees to plead guilty because he is in fact guilty of the charged offense.

4. Defendant acknowledges that he understands that by entering a plea of guilty, he is waiving – that is, giving up – the following rights guaranteed to him by law and by the Constitution of the United States:

(a) the right to plead not guilty and to persist in a plea of not guilty;

(b) the right to a jury trial;

(c) the right to be represented by an attorney and, if necessary, to have the Court appoint counsel at trial and all stages of the proceedings;

(d) the right at trial to confront and cross-examine witnesses against him;

(e) the right to remain silent at trial, with such silence not being used against him in any way;

1  (f) the right, should he choose, to testify on his own behalf and to present
2 evidence;
3  (g) the right to compel witnesses to appear at such a trial and to have them testify
4 on his behalf; and
5  (h) the right not to be prosecuted except by an indictment returned by a grand
6 jury.

Defendant understands that any statement he gives under oath in connection with this guilty plea may be used against him by the United States in a prosecution for perjury or false statement.

### Elements of the Offense & Factual Basis

5. Defendant understands and agrees that to establish the offense of access device fraud in violation of 18 U.S.C. §1029(a)(2), the United States must prove each of the following elements beyond a reasonable doubt:

> First: The defendant knowingly used the unauthorized access device at any time during a one-year period beginning on or about September 13, 2018, and ending during that period;

> Second: By using the unauthorized access device during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period;

> Third: The defendant acted with the intent to defraud; and

> Fourth: The defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

6. The United States and Defendant stipulate and agree to the following facts:

(a) Defendant was born in 1990 and is a citizen of the United States.

(b) Between September 13, 2018 and October 16, 2018, in the District of Guam, defendant knowingly used the account number from a Military Star card belonging to Joseph Q.

ending in the last four numbers "1685", without authorization, at the Army Air Force Exchange Service (AAFES) located in the Andersen Air Force Base (AAFB) Main Exchange, AAFB Gas Express, Barrigada Gas Express and the Navy Exchange (NEX) Santa Rita, Guam. While employed by AAFES, Defendant obtained the Military Star card account number and its expiration date while assisting Joseph Q. in applying for the Military Star card. Defendant saved the information in Defendant's cell phone. Joseph Q. did not give Defendant permission to use the access device. Between September 13, 2018 and October 16, 2018, by using the unauthorized access device ending in "1685", defendant fraudulently obtained approximately $6073.24 or more in things of value, namely, a Vizio LED television, Apple TV, Apple watch, fuel, consumer goods, and gift cards. Defendant fraudulently used the access device approximately twenty times during the period beginning September 13, 2018 by manually having the cashier input the account number ending in "1685". The Military Star card is billed through the Exchange Credit Program based in Cincinnati, Ohio.

(c) The parties agree that this stipulated statement of facts is sufficient to support Defendant's guilty plea. It is made for that limited purpose and does not contain all facts relating to the underlying criminal conduct.

### Sentencing Guidelines & Procedures

7. Defendant understands and acknowledges that:

(a) The Sentencing Guidelines apply in this case. In determining a sentence, the Court is obligated to calculate the applicable sentencing guideline range and to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(b) The United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report;

(c) The Court will rely on the facts established in this case – including, but not limited to, the facts Defendant stipulates to in this plea agreement – in determining the applicable offense level and resulting guideline range;

(d) Sentencing discussions between Defendant and defense counsel or between defense counsel and the U.S. Attorney's Office are not part of this plea agreement, and Defendant is not relying on the possibility of any particular guideline range or sentence based on any such discussions;

(e) No promises or guarantees have been made to Defendant regarding either the guideline range or the sentence that will be imposed. The Court is not required to follow the Sentencing Guidelines or to accept any sentencing recommendations made by the United States or Defendant, and the Court may impose any sentence up to and including the maximum penalties set out above. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, if the Court does not accept a sentencing recommendation made by the United States, Defendant nevertheless has no right to withdraw his guilty plea.

## Sentencing Recommendations of the United States

8. The United States agrees to recommend that the Court, in determining Defendant's sentencing guideline range, apply the maximum available reduction for acceptance of responsibility. This recommendation, however, is based on facts currently known to the United States and is contingent on Defendant accepting responsibility according to the factors set forth in § 3E1.1 of the Sentencing Guidelines. The United States is free to withdraw this recommendation if Defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility.

9. The United States agrees to recommend at sentencing that the Court impose a sentence at the low end of the applicable guideline range.

**Financial Disclosure Obligations**

10. Defendant agrees to submit to the U.S. Attorney's Office, within three weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate his ability to satisfy any financial obligation imposed by the Court.

11. Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets.

Defendant agrees to pay $6,073.24, representing the mimimum restitution owed to the victim in this case, prior to sentencing. The parties agree to stipulate and move the Court for an Order directing the Clerk of Court to hold funds up to $6,073.24 in the Court Treasury Registry until a judgment of conviction and restitution has been entered.

If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for his debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in his state of residency. Defendant understands that any funds captured by an offset program will be paid

towards his monetary penalties, but does not relieve him of his obligation to pay the monetary penalties in full.

### Consequences of Breach

12. Defendant agrees that if he is deemed by the Court to be in material breach of any of his obligations under this agreement: (a) Defendant shall not be entitled to withdraw his plea of guilty made in connection with this agreement; (b) the United States may, in its discretion and at its option, declare null and void any of its obligations under this agreement; and (c) the United States may recommend whatever sentence it may deem appropriate. The issue of whether Defendant is in material breach of this agreement shall be determined by the Court in a proceeding at which the United States shall be required to establish breach by a preponderance of the evidence. Defendant understands and agrees that the Federal Rules of Evidence shall not apply at any such hearing.

### Waiver of Post-Sentencing Rights

13. Defendant voluntarily, knowingly and intelligently waives any right to appeal or to collaterally attack any aspect of his conviction or sentence including, but not limited to, any pretrial dispositions of motions and other issues. Defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging his conviction or sentence in this case, other than an attack based on alleged ineffective assistance of counsel, alleged involuntariness of the Defendant's guilty plea, or alleged prosecutorial misconduct.

### Consequences of Withdrawal of Guilty Plea or Vacating of Conviction

14. Defendant agrees that if he is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated or rendered invalid for any reason, the Court shall, at the request of the United States, reinstate any charges that were dismissed as part of this

agreement. Defendant also agrees that within six months after the date the order vacating or invalidating Defendant's conviction or allowing him to withdraw his guilty plea becomes final, the United States may file additional charges against Defendant relating directly or indirectly to the conduct underlying the guilty plea. Defendant waives his right to challenge any such additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**Completeness and Effect**

15. Nothing in this plea agreement shall bind any federal, state or local districts, jurisdiction or law enforcement agency, other than the United States Attorney for the Districts of Guam and the Northern Mariana Islands.

16. Defendant acknowledges that this is the only plea agreement in this case. This plea agreement cannot be modified other than by a writing signed by all parties, or by a modification acknowledged by all parties on the record in Court.

DATED: 07/02/19

CHAD AARON OGO GUMABON
Defendant

DATED: 7/2/19

LEILANI V. LUJAN
Assistant Federal Public Defender for Defendant

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the Northern Mariana Islands

DATED: 7/12/19     BY:

BELINDA ALCANTARA
Assistant U.S. Attorney

- 8 -